For Appellee: Major James L. Pohl, JAGC.

**UNITED STATES, Appellee,**

v.

**Sergeant Leroy E. WALTER, 485–94–0864, United States Army, Appellant.**

**ACMR 9301104.**

U.S. Army Court of Military Review.

11 May 1994.

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

RUSSELL, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of simple assault on his wife, aggravated assault on his child, and causing injury to his child by failing to obtain medical treatment in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1988) [hereinafter UCMJ]. A panel of officers and enlisted members sentenced the appellant to a bad-conduct discharge, confinement for five years, and reduction to E1. The convening authority approved the adjudged sentence.

This case is before the court for initial review pursuant to Article 66, UCMJ.

The appellant personally asserts pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), inter alia, that he is entitled to eight months of pretrial confinement credit for restriction that was tantamount to confinement. We disagree.

The appellant engaged in a pattern of alcohol-related assaultive behavior toward his wife and children beginning in October 1991 and culminating on 19 August 1992 when he inflicted a grievous injury to his son. Consequently, the appellant had his privilege to leave Fort Carson revoked on 20 August 1992, and was placed under a civilian order restraining him from contact with his family.

He moved into the barracks on Fort Carson to live pending investigation and disposition of his case. On 13 November 1992 the appellant, while intoxicated, went to the family home to talk to his wife. That visit violated his pass revocation order and the civilian restraining order.

As a result of the appellant's order violations, on 13 November 1992 his commander imposed more constraints on his liberty. In addition to being restricted to the limits of Fort Carson, the appellant was usually required to sign in every hour when he was not at his place of duty or sleeping, to wear a military uniform at all times, to be escorted whenever he left the company area, to not consume alcohol at any time, and to share a room with another soldier who could keep an eye on him to ensure that he did not harm himself or harass his family. The purpose of the tight restriction was to protect the family and the appellant. The restriction lasted until the completion of his trial on 16 June 1993. The commander incorrectly captioned this close restriction as a "pass revocation". The trial counsel, apparently oblivious to the true nature of the restriction, did not report any pretrial restraint to the sentencing authority. The trial defense counsel recognized that pretrial restraint had occurred, but, as a deliberate trial tactic, did not bring it to the attention of the court-martial until after the announcement of sentence.[1]

After a thorough review of the salient circumstances, the military judge correctly ruled that the restriction imposed on the appellant was reasonable under the circumstances and was not tantamount to confinement. *See United States v. Smith,* 20 M.J. 528 (A.C.M.R.1985), and cases cited therein.[2] Moreover, the military judge essentially found that the appellant was not entitled to further relief because he had waived any objection by choosing to wait until after sentencing to raise the issue, and "if the court had been informed that Sergeant Walter was restricted it would not have made any difference as to the sentence that they rendered." Finding no plain error, we agree.

We have considered the remaining assertions of error raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge LANE concur.

---

1. DC: ... We would just have two statements for the record.

   The reason we did not bring [the restriction] up to the members of the panel was a tactical decision on the part of Captain Blumberg and I. We felt that if credit was—the members were instructed to give Sergeant Walter credit for restriction tantamount to confinement they would have increased the sentence, and that is the reason we didn't bring it up.... Also, Your Honor, just for the record we'd like to state that had you granted our motion for a finding of restriction tantamount to confinement, we also would have raised the 48-hour review issue in that he was not given a 48-hour review and therefore should be given day for day credit on that basis as well.

2. Although not raised by the appellant, we also considered whether these conditions amount to illegal pretrial punishment. Finding no evidence of an intent to impose punishment or that any condition was so onerous as to be punishment, we hold that there was no Article 13, UCMJ, violation. *See United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985).